Robert Torre
PO Box 307
Santa Cruz, CA, 95061
831 464-7500
*Pro Se*





FILED

FEB 27 A 10:59

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Carmelo Torre,<br>              Plaintiff,<br><br>v.<br><br>Internal Revenue Service,<br>              Defendant. | No. C08 01145 RS<br><br>COMPLAINT FOR<br>CIVIL INJUNCTION |

JURISDICTION

Mr. Robert Carmelo Torre is a native of Santa Cruz California and presently resides in Santa Cruz County. The San Jose division of the United States Court for the State of California has the County of Santa Cruz in its jurisdiction. Since the action is against the Internal Revenue Service (hereinafter IRS), it is a Federal action.

BACKGROUND

In February of 1992, Mr. Robert Carmelo Torre was a R&D engineer for Seagate Corporation in Scotts Valley, California. Mr. Torre owned a house in Scotts Valley and was planning on doing some bicycle racing in the coming year, which he had done in the past, so he

was on a training ride after work one night when one of his neighbors drove on the wrong side of the road cutting a corner and hitting Mr. Torre head on with an impact speed of 40-45 mph. Mr. Torre was severely injured with an open head concussion and was in a coma for 9 days in addition to extensive physical injuries. Mr. Torre is now mentally and physically disabled and unable to work for a living. Mr. Torre has not had any direct income from work since 1993, when Seagate refused to accommodate Mr. Torre and find him work he was capable of performing and fired him for not being able to work his former job as an engineer. Mr. Torre failed to recover anything from Seagate's violation of the ADA.

Mr. Torre was in a situation where the only settlement he was able to receive from his neighbor was his auto insurance. Mr. Torre was forced to attempt to live the rest of his life off of $250,000. In order to do this Mr. Torre opened an investment account with Fidelity Investments and attempted to live off of the capital gains of this investment.

When the dot-com collapse of the investment market occurred in 2000 Mr. Torre's investments started rapidly loosing large amounts of principle. During 2000, 2001 and 2002 the losses of principle were far in excess of any minimal capital gains, which resulted in Mr. Torre having absolutely nothing in the way of taxable income. Mr. Torre was living solely off the depleting principle These losses continued through 2002 until Mr. Torre's investments were wiped out and he was forced to live off of credit cards and the generosity of friends until Social Security started giving Mr. Torre his disability benefits.

Also, in 2004, Mr. Torre had filed for bankruptcy to clear the debts that were accumulated when he had none of his investments left. This chapter 7 bankruptcy also included a disputed debt to the IRS for taxes from 1997, when the IRS made a mistake on it's forms, causing Mr. Torre to make a mistake, in which the Tax Court upheld the debt for the reason 'Mr. Torre should have read the laws so he would not have made the mistake'. The debt to the IRS was discharged in May of 2004.

In January of 2008, Mr. Torre got a notice from the Treasury Department that his Social Security benefits were being reduced by almost $300 a month to pay a debt to the IRS. The IRS has never taken legal action against Mr. Torre to establish a legally justified debt. In negotiating with the Large Amounts division of the IRS Mr. Torre learned verbally that the IRS is accusing Mr. Torre of owing greater than $100,000 in taxes from his capital gains of 2000, 2001, 2002 and 2006. In 2006 Mr. Torre had made minimal capital gains in a small investment from his excess Social Security benefits that were from when Social Security held is benefits back saying he wasn't disabled, but this minimal gain did not give Mr. Torre enough income to pass the minimum income needed to be obligated to pay income tax. Mr. Torre also closed the account in late 2006 due to his past experience with investments and foreseeing the investment scene becoming unstable.

How the IRS reasons that Mr. Torre had capital gains greater than $100,000 is unfathomable when the reality is Mr. Torre's investments were loosing $50,000 or more a year. The Large Amounts division did not provide Mr. Torre with this information after he asked for it, the sent him statements that are record of redemptions and transfers between accounts of Mr.

Torre's investments. The IRS came up with nothing that showed capital gains needed to justify Mr. Torre owing greater than $100,000 in taxes.

It appears that the IRS is treating the principle amounts and the redemptions of this principle as income, Mr. Torre never worked for Fidelity. Principle is not income, as I am sure Your Honor knows. Capital gains are very different from principle, and in the years in question Mr. Torre's capital gains were never enough to justify Mr. Torre owing any income tax, they were always less than $10,000.

## CAUSE OF ACTION

Mr. Torre is supposed to receive less than $1800 a month from Social Security to live off of in Santa Cruz County. This is not enough for Mr. Torre to have a place to live. Mr. Torre rents an office, has most of his belongings in storage, and belongs to a gym so he has a place to be able to wash. The $1700 he was getting from Social Security was not enough to cover all of these expenses, and Mr. Torre had to get money from family and friends to have enough to survive. Mr. Torre is always hoping the future will look brighter.

The IRS is now causing Mr. Torre's Social Security benefits to be reduced to $1500, which has further harmed Mr. Torre. Mr. Torre has no direct income from any job and is now looking to move to a less expensive office. But Mr. Torre's future is uncertain at this time.

The IRS has done this to Mr. Torre when, they have no proof that Mr. Torre made capital gains on his investments that justify Mr. Torre owing the tax they claim, the United States

Bankruptcy Court discharged Mr. Torre from his debts prior to 2004, and the IRS has never proven it's case in a Court of Law.

## CONCLUSION

The IRS is considering the principle value of Mr. Torre's investment accounts as capital gains and claims Mr. Torre owes greater than $100,000 in income taxes. In the years in question Mr. Torre's capital gains were never great enough to warrant any income tax, and in fact in 2000, 2001 and 2002 Mr. Torre's capital losses far exceeded the minimal capital gains. And, even if Mr. Torre did owe tax from before 2004, all such debts have been discharged.

Mr. Torre prays the Court will stop this injustice, have the IRS return to Mr. Torre the moneys they have already denied him, and halt the IRS from performing any similar actions in the future against Mr. Torre.

Dated February 4, 2008

Respectfully Submitted,

_____
Robert Carmelo Torre

JS 44 (Rev. 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Robert Carmelo Torre

**DEFENDANTS**
Internal Revenue Service

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)
Santa Cruz

ADR

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert Torre Pro Se
PO Box 307 Santa Cruz Ca 95061
831 464-7500

Attorneys (If Known)

**C08 01145 RS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | | ☒ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Sec. 1988
Brief description of cause:
IRS Considering Principal as Capital Gains and demanding tax on Fictitious income

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE

DATE 2-22-8
SIGNATURE OF ATTORNEY OF RECORD