**E-filed:** **3/31/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT CARMELO TORRE<br><br>　　　Plaintiff,<br><br>　　v.<br><br>INTERNAL REVENUE SERVICE,<br><br>　　　Defendant. | No. C-08-01145 RMW<br><br>ORDER DENYING EMERGENCY MOTION TO REMOVE LEVY AND HALT COLLECTIONS<br><br>**[Re Docket No. 6]** |

　　　Robert Carmelo Torre, proceeding *in forma pauperis*, requests emergency relief of two types. First, Mr. Torre requests that the court remove the levy placed by the Internal Revenue Service ("IRS") on his personal bank account. Based on Mr. Torre's application to proceed *in forma pauperis*, the account contained $800 as of February 27, 2008. *See* Docket No. 2. Second, Mr. Torre requests that the court remove an IRS levy from his monthly social security payment. Mr. Torre's sole source of income is his monthly social security payment of $1,775.00. *See* Docket No. 6, Ex. 2. The IRS has garnished this payment by $226.25 per month. *Id.*

　　　Mr. Torre urges that these levies "leave [] him with nothing to live on." Mr. Torre also argues that these levies are inappropriate because he received a discharge in bankruptcy in 2004. *See id.*, Ex. 3. From the levy on the bank account, the IRS appears to be seeking unpaid assessments from the tax years of 2000 and 2001. A bankruptcy discharge does not generally discharge debts

ORDER DENYING EMERGENCY MOTION TO REMOVE LEVY AND HALT COLLECTIONS
No. C-07-01545 RMW
TSF

1  owed to the IRS. *See* 11 U.S.C. § 523(a)(1). The discharge does not affect any tax duty where a
2  return was not filed. *See* 11 U.S.C. § 523(a)(1)(B). The discharge also does not reach any tax owed
3  on a return which was due less than three years before the bankruptcy petition was filed. *See* 11
4  U.S.C. § 523(a)(1)(A) (referring to 11 U.S.C. § 507(a)(8)). As Mr. Torre indicates that he filed for
5  bankruptcy on January 20, 2004, this may explain why the IRS continues to pursue the tax duties it
6  believes it is owed.

7  Putting aside the discussion of whether the IRS's pursuit of Mr. Torre's funds is proper, Mr.
8  Torre's application for emergency removal of the levies is improper. The court treats Mr. Torre's
9  request for emergency relief as a motion for a temporary restraining order under Federal Rule of
10 Civil Procedure 65(b). Rule 65(b) imposes strict limits on the court's ability to impose a temporary
11 restraining order without notice to the opposing party.[1] The first requirement is that an application
12 for a temporary restraining order must demonstrate that the movant will suffer "immediate and
13 irreparable harm," and that this showing must be made by facts in a sworn affidavit or verified
14 complaint. *See* Fed. R. Civ. P. 65(b)(1)(A). Mr. Torre has not provided any sworn statement
15 verifying the facts he alleges or exhibits he supplies. The second requirement is that a movant must
16 explain what efforts he has made to give notice to the opposing party or explain why notice should
17 not be required. *See* Fed. R. Civ. P. 65(b)(1)(B). Mr. Torre does not explain what he has done to
18 give notice, even oral notice, to the IRS of his request for a restraining order.

19 In light of these defects, the court cannot issue Mr. Torre's requested emergency relief. The
20 application is therefore denied.

22 DATED:   3/28/08

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

---

[1] Mr. Torre did file a certificate of service, signed by himself, that he mailed a copy of his emergency motion to the IRS Collections address. *See* Docket No. 7. As Mr. Torre recognizes in the certificate of service, the IRS has yet to make an appearance and it seems unlikely the IRS has received notice of his motion. It also seems unlikely that the IRS has received the summons or a copy of the complaint in this case, given the absence of an executed and returned summons and the improper addressing on the summons. *See* Docket No. 5.

ORDER DENYING EMERGENCY MOTION TO REMOVE LEVY AND HALT COLLECTIONS
No. C-07-01545 RMW
TSF                                            2

1 | **Notice of this document has been mailed to:**

2 | **Plaintiff:**

3 | Robert Carmelo Torre
POB 307
4 | Santa Cruz, CA 95061

5 | **Counsel for Defendants:**

6 | (No appearance)

8 | **Dated:**   3/31/08                                    TSF
9 |                                                          **Chambers of Judge Whyte**