Robert Torre
PO Box 307
Santa Cruz, CA, 95061
831 464-7500
*Pro Se*

**Filed**

APR 1 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Carmelo Torre,<br>                Plaintiff,<br><br>v.<br><br>Internal Revenue Service,<br>                Defendant. | No. CV 08-01145 RMW<br><br>EMERGENCY MOTION<br>FOR TEMPORARY<br>RESTRAINING ORDER |

    COMES NOW PLAINTIFF, Mr. Robert Carmelo Torre, to petition the court to order the Internal Revenue Service (IRS) to remove a levy it has placed upon Mr. Torre's bank account and remove the lien against plaintiff's Social Security Disability payments. The IRS has not started any Court actions regarding the supposed tax debt Mr. Torre does not owe and has no Judicial Ruling or Order allowing the IRS to start collection actions against Mr. Torre. In previous actions regarding a disputed tax debt from 1997 Mr. Torre received a discharge from the US Bankruptcy Court regarding that supposed debt.

    Since filing this action, and before this Court has had a chance to fully review all evidence in this case, the IRS has put a levy on Mr. Torre's bank account, freezing Mr. Torre's

access to his monies and leaving Mr. Torre nothing to live on, Mr. Torre had to borrow money to survive in March and April, money he has no means to pay back without his Social Security Disability benefits. Mr. Torre has mental and physical disabilities after being run over in 1992, cannot work, and has not worked, for income since. Mr. Torre was fired from his last job in 1994 for not being able to work, lived off of the settlement from the man that ran him over until 2002, and has been living off of Social Security Disability benefits since 2004. From 2002 to 2004 Mr. Torre lived by selling what he could and through the generosity of friends.

For unknown reasons that have not been fully explained to Mr. Torre the IRS fraudulently believes Mr. Torre had such a huge income in 2000 and 2001 that he owes approximately $120,000 in back taxes. From the minimal information provided to Mr. Torre it appears the IRS is considering the principle of his investment accounts interest, when it has clear documentation from the investment company that the capital gains were minimal, so small that even without the huge capital losses Mr. Torre would still not owe any income tax. In 2000 and 2001 Mr. Torre did not work, had no disability income, and was living completely off of the settlement from the man that ran him over. Mr. Torre had the settlement invested in various investment accounts at the time. But in 2000 and 2001 the US economy was in a recession which resulted in huge losses in these investments leaving Mr. Torre no taxable income.

26 USC § 1(h)(1) allows taxes to be collected on net capital gains. Net capital gains are reduced by capital losses, 26 USC § 1211(b). In 2000 and 2001 Mr. Torre's huge capital losses far exceeded the minimal capital gains leaving Mr. Torre a net taxable capital gain of $0 for both years. No tax can be owed on an income of $0, 26 USC §1(h)(1). Therefore Mr. Torre owes

absolutely nothing to the IRS for the tax periods of 2000 and 2001. The IRS is "collecting" on a tax that is not owed, therefore it has no right to impose the lien on Mr. Torre's Social Security Disability benefits or the levy on Mr. Torre's bank account.

Mr. Robert Carmelo Torre swears under penalty of perjury that all of the above is true, see the associated Declaration of Robert Carmelo Torre.

Mr. Robert Carmelo Torre has not received any notice from any attorney representing the IRS on this case. When this case was started Mr. Torre gave the Court the address for the IRS office that is undertaking these collection actions, PO Box 24017 in Fresno, California. Mr. Torre could not find any physical address for this IRS office. Since no attorney has contacted Mr. Torre, Mr. Torre will send a copy of this Motion and a copy of the associated Declaration to the IRS at the above PO Box address, see the associated Certificate of Service.

Mr. Robert Carmelo Torre hereby petitions the Court to issue a restraining order to halt the lien and levy against Mr. Torre and petition the IRS to prove it's case before the Court.

Respectfully submitted,                                           Dated April 14, 2008.

_____
Robert Carmelo Torre