United States District Court
For the Northern District of California

E-filed: 4/21/08

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

ROBERT CARMELO TORRE,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE,

    Defendant.

No. C-08-01145 RMW

ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

**[Re Docket No. 12]**

On March 31, 2008, this court denied plaintiff Robert Carmelo Torre's emergency motion to remove a tax levy on his social security payment and to remove a freeze placed on his personal bank account. *See* Docket No. 12. Mr. Torre moves again asking this court to remove the levies because of the financial distress the Internal Revenue Service ("IRS") is causing him.

The court appreciates that Mr. Torre heeded the court's prior guidance by providing a sworn declaration and stating the measures he has taken to provide notice to the defendant.[1]

---

[1] The court notes, however, that mailing a copy of the motion and declaration to the IRS's tax collection office is not sufficient. A lawsuit against the IRS is a lawsuit against the United States. *E.g., Husek v. I.R.S. of U.S.,* 778 F. Supp. 598, 601 (N.D.N.Y. 1991). The Federal Rules of Civil Procedure dictate the procedure for suing the United States. *See* Fed. R. Civ. P. 4(i). The court recommends that Mr. Torre consider the court's *Pro Se Handbook* for help, which is available free on the court's website. *See* HANDBOOK FOR LITIGANTS WITHOUT A LAWYER, *available at*: http://www.cand.uscourts.gov/

ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
No. C-07-01545 RMW
TSF

This court, however, has very limited jurisdiction to hear suits "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). This statute, referred to as the Anti-Injunction Act, uses "sweeping terms." *Alexander v. "Americans United" Inc.* 416 U.S. 752, 760 (1974). " The object of [section] 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5 (1964). The Supreme Court very recently held that a large coal mining company that had been unconstitutionally taxed had to comply with the administrative scheme of seeking a refund rather than suing in court for an injunction. *United States v. Clintwood Elkhorn Mining Co.*, --- S.Ct. ----, 2008 WL 1721530, at *6 (2008).[2] The Court's opinion helpfully lays out an overview of the administrative scheme for contesting a tax dispute with the IRS. *See id.* at *4-*5. In doing so, the Court highlighted a companion statute to the one that limits this court's ability to issue an injunction is section 7422(a), which the *Clintwood Elkhorn* court paraphrased as stating that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the [IRS].

*Id.* at *3. Mr. Torre's complaint does not indicate that he has filed a claim with the IRS or attempted to use the mandatory administrative process for resolving tax disputes.

Because section 7421(a) bars this court from enjoining the IRS's collection efforts (and because section 7422(a) strongly suggests that Mr. Torre's suit must be dismissed), the court cannot issue Mr. Torre's requested emergency relief. The application is therefore denied.

DATED:        4/21/2008

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge

---

[2] The Supreme Court's recent opinions are available for free on-line at: http://www.supremecourtus.gov/opinions/07slipopinion.html.

ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
No. C-07-01545 RMW
TSF                                         2

**Notice of this document was mailed to:**

**Plaintiff:**

Robert Carmelo Torre
POB 307
Santa Cruz, CA 95061

**Counsel for Defendants:**

(No appearance)

**Dated:** 4/21/2008

TSF
**Chambers of Judge Whyte**