**United States District Court**
For the Northern District of California

E-filed:   03/20/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT CARMELO TORRE, <br>     Plaintiff, <br> v. <br> INTERNAL REVENUE SERVICE, <br>     Defendant. | No. C-08-01145 RMW <br><br> ORDER GRANTING THE IRS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION <br><br> **[Re Docket Nos. 30, 31]** |

    Plaintiff Robert Carmelo Torre moves for summary judgment to enjoin the defendant Internal Revenue Service's ("IRS") efforts to collect unpaid income taxes from Mr. Torre. The IRS cross-moves to dismiss the case for lack of subject matter jurisdiction. The court has reviewed the papers and considered the arguments presented by counsel and Mr. Torre. The court grants the IRS's motion and denies Mr. Torre's motion as moot.

    As the court has repeatedly cautioned Mr. Torre, *see* Docket Nos. 11 (Mar. 31, 2008), 14 (Apr. 21, 2008), the court has very limited jurisdiction to hear suits "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). This statute, referred to as the Anti-Injunction Act, uses "sweeping terms." *Alexander v. "Americans United" Inc.* 416 U.S. 752, 760

1  (1974). "The object of [section] 7421(a) is to withdraw jurisdiction from the state and federal courts
2  to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams*
3  *Packing & Nav. Co.*, 370 U.S. 1, 5 (1964).

4      Mr. Torre argues that this court has jurisdiction to hear his claim pursuant to 26 U.S.C. §
5  7433(e). That section of the Internal Revenue Code permits a taxpayer to bring suit against the IRS
6  for damages if the IRS attempts to collect a tax debt discharged in bankruptcy. Even if Mr. Torre
7  did not owe any taxes or even if Mr. Torre's prior bankruptcy had discharged his tax liabilities, this
8  court could still not hear his suit. Such petitions must be brought to the bankruptcy court that issued
9  the discharge. 26 U.S.C. § 7433(e)(1). The code is clear: the petition to the bankruptcy court is the
10 *exclusive* remedy for such actions by the IRS. *Id.* § 7433(e)(2)(A).

11     To the extent Mr. Torre argues that this court possesses jurisdiction pursuant to 26 U.S.C. §
12 7433(a), he is mistaken. Section 7433(a) vests the district court with jurisdiction only to hear suits
13 arising from the IRS's unlawful collection of tax debts, not its assessment of income taxes in the
14 first instance. *Miller v. United States*, 66 F.3d 220, 222 (9th Cir. 1995). While Mr. Torre's
15 complaint, broadly read, arises from the IRS's garnishment of his social security check, Mr. Torre's
16 claim arises from his contention that the IRS has miscalculated the amount of his tax liability.[1] Such
17 claims may not be brought under section 7433(a). *Id.* at 223 ("Because Miller is challenging only
18 the determination of the tax, the claim is not actionable under § 7433 of the Internal Revenue
19 Code.").

20     Accordingly, the court grants the IRS' motion to dismiss. The court denies Mr. Torre's
21 motion for summary judgment as moot. The clerk shall close the file.

23 DATED:     03/20/09

                                                   /s/ Ronald M. Whyte
                                                   RONALD M. WHYTE
24                                                    United States District Judge

---

[1] Reviewing the papers, the court is also not persuaded by Mr. Torre that the IRS has miscalculated his tax liability. Mr. Torre may have lost a substantial amount of money when his portfolio declined in value in 2000 to 2002. But those losses are not "short term capital losses" under the law because Mr. Torre did not realize those losses by selling the securities whose values had dropped.

ORDER GRANTING THE IRS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
No. C-08-01145 RMW
TSF                                       2

United States District Court
For the Northern District of California

**Notice of this document was mailed to:**

**Plaintiff:**

Robert Carmelo Torre
POB 307
Santa Cruz, CA 95061

**Notice of this document was e-mailed to:**

**Counsel for the IRS:**

David L. Denier          david.denier@usdoj.gov

**Dated:**   03/20/09                                  TSF
                                        **Chambers of Judge Whyte**

ORDER GRANTING THE IRS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
No. C-08-01145 RMW
TSF                                          3